```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
KEYNEN GUIDER,                    :
         Petitioner
                                  :

         vs.                      :   CIVIL NO. 1:CV-06-1992

GEORGE PATRICK,                   :
TOM CORBETT,
         Respondents              :
```

*M E M O R A N D U M*

I.   *Introduction*.

On October 10, 2006, Petitioner, Keynen Guider, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a sentence imposed on him by the Court of Common Pleas of Dauphin County, Pennsylvania, on July 23, 2003, after his parole was revoked.  Guider asserts the sentence violates: (1) state sentencing law because it exceeds the sentence originally imposed as part of a plea agreement; (2) the Double Jeopardy Clause because he has been given multiple punishments for the same offense; and (3) the Eighth Amendment because it is cruel and unusual punishment.

The commonwealth has moved to dismiss the petition on the basis that it is time-barred by the one-year statute of limitations applicable to section 2254 petitions.  We agree with the commonwealth and will dismiss this petition as untimely.

II.     *Background*.

The commonwealth's partial answer to the petition provides the pertinent procedural history. On November 7, 1996, Guider was sentenced in Dauphin County court to twelve months' probation, a fine of $250, and restitution in the amount of $40, after a guilty plea to a charge of theft by unlawful taking, docketed at No. 2181 C.D. 1996. On October 13, 1999, Guider was sentenced in Dauphin County court to concurrent sentences of probation for twelve months, and fines of $50, after a plea of guilty to two counts of theft of leased property, docketed at No. 2214 C.D. 1999 and No. 2456 C.D. 1999.

After other revocation proceedings, on July 9, 2003, Guider's probationary sentences were revoked at all three dockets. On July 23, 2003, he was resentenced to imprisonment for one to three years at each docket, to be served consecutively, and additional fines of $100, for an aggregate sentence of three to fifteen years and $300 in fines.

At the July 23, 2003, hearing, Petitioner was represented by a public defender. At the close of the hearing, the prosecutor advised Petitioner that he had ten days to file a post-sentence motion, and if he did not file such a motion, thirty days to file an appeal of his sentence. He was also advised that the public defender would assist him in pursuing those rights. Guider indicated he understood his rights. (Doc. 9, transcript of July 23, 2003, proceedings, p. 19).

Guider did not appeal from the judgment of sentence entered on July 23, 2003. However, he did make several pro se filings in the various cases. In No. 2181, he filed motions "for time credit" on December 29, 2003, January 23, 2004, April 6, 2004, and June 10, 2004. He filed motions for transcripts on May 3, 2004, and September 28, 2006. (Doc. 15, Ex. A). In No. 2214, he filed a motion for time credit on February 23, 2004, and motions for transcripts on August 28, 2006, and September 28, 2006. (*Id.* Ex. B). In No. 2456, he filed motions for transcripts on May 6, 2004, August 28, 2006, and September 28, 2006. (*Id.* Ex. C).[1]

On November 17, 2004, Guider filed in state court a "Petition for Writ of Habeas Corpus, or Motion for Modification of Sentence," challenging the July 23, 2003, sentence. (Doc. 15, Ex. D). On February 8, 2005, the commonwealth answered the Petition by asserting it should be denied as an untimely petition for Relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9146. The PCRA has a one-year period for filing petitions once a criminal judgment becomes final. See 42 Pa.C.S. § 9545(b)(1), (3). On March 24, 2005, the trial court, by an order dated March 10, 2005, denied the Petition for Writ of Habeas Corpus. (Doc. 15, Ex. F). Guider did not appeal that denial.

---

[1] Some of these motions may be the same motion, just recorded in different dockets.

3

As noted, Guider filed the instant section 2254 petition on October 10, 2006.[2]

III. *Discussion*.

Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a 2254 petition. For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

As the commonwealth argues, Petitioner had thirty days to appeal the July 23, 2003, sentence, *see* Pa. R. App. P. 903(a); *see also* Pa R. Crim. P. 720(A)(3), but did not do so. Thus, his judgment of sentence became final on August 22, 2003, thirty days later. In turn, his one-year period for filing a section 2254 petition expired on August 23, 2004.[3] Hence, the petition was untimely when filed on October 10, 2006, more than two years after the expiration of the deadline, unless the period was subject to

---

[2] Guider's certificate on the petition indicates he placed it for mailing with prison authorities on October 1, 2006. Under the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the petition could thus be considered filed on October 1, but Petitioner does not contest the October 10 filing, and the discrepancy does not affect the outcome of the limitations analysis.

[3] The deadline was August 22, 2004, but that date was a Sunday, so the deadline was extended to Monday, August 23, 2004. *See* Fed. R. Civ. P. 6(a).

4

either statutory or equitable tolling, but the commonwealth contends neither form of tolling is applicable here.

    A.  *Statutory Tolling*.

We agree with the commonwealth that statutory tolling does not apply here.  Section 2244(d)(2), the statutory tolling provision, tolls the period for the "time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Guider filed his state-court habeas corpus petition on November 17, 2004, well beyond August 23, 2004, the deadline for filing a PCRA petition under state law.[4]  A state post-conviction petition untimely under state law is not "properly filed" and does not toll the section 2254 limitations period under section 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669, 678-79 (2005).  We add that this period is jurisdictional and cannot be extended by the state court.  *Commonwealth v. Liebensperger*, 904 A.2d 40, 45 (Pa. Super. 2006).

---

[4] Under 42 Pa.C.S. § 9545(b)(1) and (3), the one-year period for filing a PCRA petition begins to run when the judgment becomes final.  Subsection (3) provides the judgement becomes final after the expiration of the time for taking an appeal.  As noted, there is thirty days to appeal, making the judgment final on August 22, 2003, and the deadline for the PCRA petition August 23, 2004, since Pennsylvania also extends a deadline that falls on a weekend to the following Monday.  *See* Pa. R. App. P. 107; 1 Pa. C.S. § 1908.  There are exceptions to the finality rule, but they do not apply here.  *See* section 9545(b)(1)(i)-(iii).

5

Petitioner cannot get around this impediment by relying on his description of his petition as one in state habeas corpus rather than under the PCRA. The PCRA is the exclusive means of obtaining collateral relief for the claims raised here. *See* 42 Pa.C.S. § 9542. *See also Commonwealth v. Robinson*, 575 Pa. 500, 509, 837 A.2d 1157, 1162 (2003). Even if considered a state habeas petition, it would not toll the statute since the state courts would not recognize it as a valid form of relief. Hence it would not be considered properly filed for federal statutory tolling purposes. *See Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004). *See also Satterfield v. Johnson*, 434 F.3d 185, 194-95 (3d Cir. 2006).

B.  *Equitable Tolling*.

We conclude that equitable tolling does not apply either.

> Equitable tolling is available "'only when the principle of equity would make the rigid application of a limitation period unfair.'" *Merritt* [*v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003](quoting *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir. 2001)). A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *Pace,* 125 S.Ct. at 1814.
>     Equitable tolling may be had if: "(1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Fahy v. Horn,* 240 F.3d at 244 (citing *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999)).

6

*Satterfield, supra,* 434 F.3d at 195.

In the circumstances of this case, equitable tolling has to be based on Guider's having been in some extraordinary way prevented from asserting his rights.  Guider has not met his burden of making such a showing.

Petitioner makes the following arguments for equitable tolling.  First, his public defender abandoned him.  Guider asserts that at the end of the July 23, 2003, resentencing hearing, he asked his lawyer to meet him in the holding cell to discuss appeal, but counsel never came and never answered any letters from Petitioner.  Further, counsel did not furnish transcripts until two years after he was ordered to do so and still has not complied with a court order to furnish the transcripts of July 23, 2003, and May 31, 2001.[5]  (Doc. 20, pp. 7 and 11).  Second, Petitioner lacked knowledge of the law.  (*Id.*, p. 9).  Third, Petitioner has been prejudiced by the commonwealth's plain error in the resentencing.  (*Id.*, p. 10).

We reject Petitioner's reliance on counsel's conduct in relation to the appeal.  We assume solely for the sake of argument Guider's representation that he wanted an appeal, but his lawyer never came to the holding cell as requested, nor did he answer any letters.  At most, this would amount to attorney error or

---

[5] On May 31, 2001, a previous parole-revocation hearing had been held where Petitioner received sixty months' intermediate punishment.  (Doc. 9, transcript of July 23, 2003, hearing, pp. 3-4).

7

negligence which does not rise to the level of extraordinary circumstances. *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003); *Cristin v. Wolfe*, 168 Fed. Appx. 508, 511-12 (3d Cir. 2006)(nonprecedential)(equitable tolling not warranted by the petitioner's postconviction counsel's alleged failure to tell her that he was no longer representing her and not filing a petition for allowance of appeal in the Pennsylvania Supreme Court). For attorney conduct to be an extraordinary circumstance, there must be some form of affirmative misconduct. *Id.* (lawyer's conduct in lying to client that a 28 U.S.C. § 2255 motion or a complaint had been filed is sufficient to satisfy equitable tolling)(citing *United States v. Wynn,* 292 F.3d 226, 230-31 (5th Cir. 2002) and *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 241-42 (3d Cir. 1999)).

That his lawyer's alleged conduct did not prevent Guider from filing a timely 2254 petition is evident from the pro se filings Petitioner did make. As early as December 29, 2003, and January 23, 2004, about six months before the deadline for filing a 2254 petition expired, he was already acting on his own, filing pro se motions "for time credit" in No. 2181. *Cf. Cristin, supra*, 168 Fed. Appx. at 512 (petitioner failed to show due diligence when she knew three months before the 2254 limitations deadline that her lawyer had not filed a petition for allowance of appeal with the state supreme court).

8

As for the alleged failure to comply with orders to provide transcripts, the dockets reveal that Petitioner filed a motion for transcripts in May 2004, (doc. 15, Ex. A, p. 6 of 10; Ex. C, p. 5 of 8), but that the earliest order to his attorney to provide transcripts was on December 29, 2004, (doc. 15, Ex. A, p. 7 of 10; Ex. B, p. 6 of 10), well after the limitations deadline. Petitioner filed other motions for transcripts but did so on August 28, 2006, and September 28, 2006, (doc. 15, Ex. B, pp. 7 and 8 of 10), again after the deadline. In any event, Petitioner did not need transcripts to file a section 2254 petition. All of his claims arise from the fact that his original concurrent sentences were made consecutive in the July 23, 2003, resentencing. Petitioner knew that fact at the time he was resentenced. Hence, equitable tolling cannot be based on his lawyer's failure to comply with orders to provide transcripts. *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002).

Next, Petitioner cannot toll the statute on the basis of his pro se status or lack of legal knowledge. *See Donovan, supra*, 276 F.3d at 94; *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Blackwell v. Patrick*, 2006 WL 3420858, at *5 (E.D. Pa.); *Lopez v. Rozum*, 2005 WL 1322515, at *6 (E.D. Pa.).

Finally, Petitioner cannot rely on being prejudiced by the commonwealth's alleged plain error in the resentencing. That is an argument on the merits of the petition, something we cannot reach because the petition is time-barred.

IV.     *Conclusion*.

        We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

        We note that there are two motions pending: (1) Petitioner's motion for documents (doc. 17); and (2) Petitioner's motion (doc. 22) "to proceed with habeas corpus statutes § 2250." These motions will be dismissed as moot.

        We will enter an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: December 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYNEN GUIDER,                    :
    Petitioner
                                  :

    vs.                           :      CIVIL NO. 1:CV-06-1992

GEORGE PATRICK,                   :
TOM CORBETT,
    Respondents                   :


O R D E R

AND NOW, this 14th day of December, 2006, it is ordered that:

    1. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed as time-barred.

    2. A certificate of appealability is denied.

    3. Petitioner's motion for documents (doc. 17) and his motion "to proceed with habeas corpus statutes § 2250" (doc. 22) are dismissed as moot.

    4. The Clerk of Court shall close this file.


                            /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge